[L. A. No. 13084. In Bank.—March 23, 1933.]

EMMA A. CRANE, Respondent, v. OLIVER L. REARDON, as Administrator, etc., Appellant.

Sheridan, Orr, Drapeau & Gardner and Erle S. Gardner for Appellant.

James C. Hollingsworth and Don R. Holt for Respondent.

LANGDON, J.—This is an action to quiet title to certain certificates of corporate stock, dividend checks and stock purchase warrants. The testimony of plaintiff and her witnesses discloses the following facts. Charles C. Cash-

ner, a single man, came to California on November 5, 1929, taking up his residence with plaintiff and her husband at Ojai. He had previously been a close friend of plaintiff's mother. Plaintiff and her husband furnished board and lodging to him until his death on December 8, 1929. On December 1, 1929, be became ill, and on December 3d was confined to his bed. He then gave plaintiff a written order directed to the Bank of Italy branch at Ojai, requesting that she be admitted to his safe deposit box to secure certain insurance papers and he also instructed her to bring a brown envelope with inclosures from the box. She did so and the envelope was, at his request, placed in his trunk. On the evening of December 7, 1929, Cashner was considerably worse, and calling for the envelope, took it, partly removed some of the contents showing that there were certificates of stock, purchase warrants and checks therein, and handed the envelope and its contents to plaintiff, saying: "Here, Emma, take this stock. I want you to have it as I know you will always care for your mother. Give me a pen so I can sign it over to you." She replied: "Well, I don't think it is necessary tonight, as weak as you are. You can do it tomorrow or next day." He answered: "Well, I may not be here tomorrow or next day." There were present at that time the husband, mother, daughter and son-in-law of plaintiff, and an acquaintance of the family. They all corroborated this testimony, some testifying that he had said: "Take it. It is yours." There was no conflicting evidence, and the trial court concluded that a valid gift had been made to plaintiff.

Defendant in his appeal makes no claim of fraud or undue influence and rests his case solely upon the contention that the elements of a valid gift were lacking. Specifically it is contended that there was no delivery because, first, a written indorsement or assignment was necessary; and second, whether necessary or not, the donor believed it necessary and hence lacked the requisite intent to make a present gift. Neither point is convincing. While it has been held that under our statute there cannot be a valid oral gift of a chose in action not evidenced by a writing (*Adams* v. *Merced Stone Co.*, 176 Cal. 415 [178 Pac. 498, 3 A. L. R. 928]), it is well settled that where the chose in action is evidenced by a written instrument such as a note,

bank pass-book, bill of exchange, etc., mere manual delivery without written indorsement is sufficient. (*Dellepiane* v. *Hynes*, 83 Cal. App. 604 [257 Pac. 180].) The same rule should be applied, and has been held to apply, to the delivery of shares of stock. (*Leyson* v. *Davis*, 17 Mont. 220 [42 Pac. 775, 31 L. R. A. 429]; *Grimes* v. *Barndollar*, 58 Colo. 421 [148 Pac. 256]; *Talbot* v. *Talbot*, 32 R. I. 72 [78 Atl. 535, Ann. Cas. 1912C, 1221]; Mechem, Gifts of Corporation Shares, 20 Ill. L. Rev. 9; 28 C. J. 700.) ▇ The other point finds no support in the record. The evidence, fairly considered, points to the conclusion that the donor intended to part with title at the time of manual delivery, and his expressed desire to "sign it over" was simply for the purpose of facilitating the transfer, making it possible for the donee to have the same entered on the books of the corporation. There is not the slightest indication that he considered the gift itself incomplete, and his statement "it is yours" dispels any possible doubt created by the other remark.

The judgment is affirmed.

Preston, J., Curtis, J., Shenk, J., Waste, C. J., and Thompson, J., concurred.