[Civ. No. 10038. First Appellate District, Division Two.—March 24, 1936.]

MARIE WILSON, Appellant, v. CROCKER FIRST NA-
TIONAL BANK OF SAN FRANCISCO (a National
Banking Association), Respondent.

Ralph L. Hathorn and Russell W. Cantrell for Appellant.

Chickering & Gregory for Respondent.

NOURSE, P. J.—Plaintiff sued to quiet title to a fund in a savings account deposited by her deceased husband. The defendant had judgment, and the point of plaintiff's appeal is that the evidence and the findings do not support the judgment.

Plaintiff and the deceased were married in 1920, and lived together continually until the death of the husband on July 22, 1934, at the age of 84 years. The deceased left an estate of approximately $95,000, of which he bequeathed to his wife $15,000 and devised the apartment house in which they were

residing appraised at $9,000. The residue of the estate was left to distant relatives. On February 26, 1934, the deceased was confined to his bed with a serious illness from which he subsequently died. At that time, in the presence of a witness, he called his wife to the bed and asked her to get the pass-book from a closet in which he kept his personal effects and to bring it to him. When the book was handed to him he returned it to the plaintiff and said, ''This is your book. This is for you, Marie. I give this to you. It is not in the will.'' In April, 1934, the wife handed to him two dividend checks amounting to $390 which the husband returned to her after endorsement, saying, ''These are for you; put these into your book.'' This sum was thereupon deposited by the plaintiff in the account evidenced by the pass-book. In June of the same year his wife handed to him two dividend checks amounting to $335. These were endorsed by the deceased and handed to the plaintiff with the remark, ''Put this to one side where you can draw it any time you are in mind to but don't disturb my gift.'' This sum was deposited by plaintiff in a separate account and used for the expenses of the last illness of the deceased. On the day before his death the deceased called his wife and for the first time informed her of the contents of his will. He then said, ''I made a mistake. I am sorry what I have done to you. That book will be a help to you.''

██ Upon this evidence the trial court found that the deceased handed over and delivered to plaintiff the savings pass-book, and that plaintiff took possession and maintained control over the book until after the death of the husband, but that the deceased did not intend to give to plaintiff the monies evidenced by the pass-book. ██ All the evidence demonstrated a complete and valid gift of the pass-book. There is no intimation of fraud or undue influence on the part of the plaintiff. Her evidence is corroborated by another witness, and the trial court found this evidence to be true. There was no evidence to the contrary and no evidence of any character to support the conclusion that an intention to transfer the monies on deposit was lacking. The defendant offered some testimony tending to show that the deceased had not surrendered complete dominion of the fund because he had not revoked an earlier authorization to the bank to pay certain charges out of the fund, and that plaintiff did not assume com-

plete dominion of the fund because she did not draw out any of the monies prior to the death of her husband. But none of this testimony was evidence of anything more than that the parties did not have a complete knowledge of business and banking conditions. Some reliance is placed on the evidence that a few days after the death of her husband the plaintiff returned the book to the bank upon the demand of the latter that it needed the book to post the account, but this fact has no possible bearing upon the question of the intention of the deceased at the time the gift was made. On the other hand, this issue is controlled by the undisputed facts proved; by the presumption that the deceased intended the ordinary consequences of his voluntary action; and by the only reasonable inference that could be drawn from the facts proved. Because of these circumstances, the finding on the issue of intention becomes more one of law than one of fact.

The rule that a gift of a savings pass-book is a gift of the money on deposit rests upon the well-settled doctrine that a gift of the symbol of a thing is a gift of the thing itself. This rule has been accepted and affirmed by all the authorities in this state. In *Dellepiane* v. *Hynes,* 83 Cal. App. 604 [257 Pac. 180], these authorities were rather extensively reviewed. On page 609 it is said, "It is an equally well-settled rule that delivery of a savings bank pass-book is a valid gift of the money deposited because such book is the record of the depositor's account and its production authorizes control of the deposit. (28 C. J. 702, and cases cited.)" The leading case referred to in that decision was *Snidow* v. *Brotherton,* 140 Va. 187 [124 S. E. 182]. That case is extensively reviewed in 40 A. L. R., pp. 1246, 1249. The Dellepiane case was cited with approval in *Donovan* v. *Hibernia Savings & Loan Society,* 90 Cal. App. 489 [265 Pac. 995], where many of the leading authorities on the subject are discussed. To the same effect is *Crane* v. *Reardon,* 217 Cal. 531, 533 [20 Pac. (2d) 49], and *Mellor* v. *Bank of Willows,* 173 Cal. 454 [160 Pac. 567]. The Crane case involved a gift of certificates of corporate stock, and the Mellor case involved a gift of certificates of deposit in a commercial account; both were without the endorsement or written assignment of the donor. In both cases the Supreme Court held that a chose in action when evidenced by a written instrument such as a note,

bank pass-book, bill of exchange, etc., is the subject of a valid gift by mere manual delivery. The principle involved in both cases was that a manual delivery of the paper or symbol representing the fund was a gift of the fund itself.

Since there is no question of fact to be retried, the parties should not be put to the expense of further litigation. Whether the finding on the issue of the intention of the deceased is a finding of fact or a conclusion of law, it makes little difference so far as the interests of the parties are concerned.

The judgment is therefore reversed with directions to enter judgment for the plaintiff as prayed.

Sturtevant, J., and Spence, J., concurred.