[Sac. No. 5054. In Bank.—February 26, 1937.]

JOHN D. WOODARD, as Executor, etc., Respondent, v. METROPOLITAN LIFE INSURANCE COMPANY (a Corporation), Defendant; GRACE HANSON, as Administratrix, etc., Appellant.

C. C. McDonald for Appellant.

A. G. Bailey for Respondent.

LANGDON, J.—This is an action to enforce an alleged gift of a policy of life insurance.

George O. Griffes, the insured, first was insured under a group policy while an employee of the Shell Company, with a sister, Kate Lewis, as beneficiary. He left the employ of the company and went to live with his sister. He told her she could have the policy if she would pay the premiums, but she said that she could not, whereupon he stated that he would give it to his sister, Mrs. Mabel Woodard. Shortly afterward he spoke with Mrs. Woodard, who asked that he change the named beneficiary on the policy if she was to pay the premiums. Griffes instead returned the group policy and took out a new life policy, specifying Mabel Woodard as beneficiary. The policy reserved the right to change the beneficiary, the right to assign the policy, and further provided that if the beneficiary died before the insured, her interest should vest in him, unless otherwise provided or endorsed on the policy.

Mabel Woodard died July 13, 1934. The insured died in February, 1935. Since Mrs. Woodard predeceased him, she lost all interest in the policy as *beneficiary*. However, her husband and executor, plaintiff herein, claimed the proceeds of the policy on the theory that the insured had made a gift of the policy to Mrs. Woodard during her lifetime, whereby she became the owner thereof. Defendant Grace Hanson,

administratrix of the estate of the insured, opposed this claim. The defendant insurance company paid the money into court and was discharged from liability.

The lower court found that the insured had made the gift as claimed, and gave judgment for plaintiff. Defendant appeals, contending that the evidence is insufficient to prove a gift.

The record shows that Mrs. Woodard paid $735.40 in premiums on the policy, and that the same was in her possession from July, 1932, until she died. Plaintiff, Kate Lewis and Ed Dickey, a friend of the insured, testified to declarations of the insured, some to the effect that he was going to give the policy to Mrs. Woodard, and some later statements to the effect that he had given it to her. For example, after Mrs. Woodard's death, Kate Lewis asked the insured why he did not change the beneficiary's name to Mrs. Woodard, and the insured replied, "It will go in Mabel's Estate." There is no evidence that the insured claimed any interest in the policy after the transaction, and the witness Dickey testified that though he had conversations with him regarding his property, he never mentioned the policy. The foregoing evidence, while it perhaps does not make a very strong case, is nevertheless sufficient, where there is little conflicting evidence, to justify the inferences of intent to make a gift, and delivery. (See *Skellenger* v. *England,* 81 Cal. App. 176 [253 Pac. 191]; *McEwen* v. *New York Life Ins. Co.,* 42 Cal. App. 133 [183 Pac. 373]; *Crane* v. *Reardon,* 217 Cal. 531 [20 Pac. (2d) 49]; 28 C. J. 681, sec. 87; 28 C. J. 659, sec. 60.)

Defendant argues that there is no evidence of delivery at all, and that the most that the plaintiff showed was possession of the policy by the purported donee, without any evidence as to how she obtained it. But under the authorities cited above, direct evidence of delivery is not essential, and it is possible to infer it from proof of possession together with the donor's declarations indicating delivery.

Defendant also contends that the dates of the declarations show that they only referred to the group policy and not to the later individual policy. However, in speaking of the policy, the donor always dealt with the subject in general terms, without specifying either instrument, and the donative intent may be inferred as to the particular instrument which finally came into the possession of the donee.

Defendant finally urges that the terms of the policy, reserving the right to change the beneficiary and specifying that the interest came back to the insured in the event of prior death of the beneficiary, shows conclusively that the insured did not intend to make a gift of the policy. But it does not appear that the insured, after death of the beneficiary, took any steps to assert his interest; and the inference to be drawn from these formal provisions of the policy at most creates a conflict with the inferences from the donor's declarations. When such a conflict appears, the lower court's finding must be sustained.

The judgment is affirmed.

Thompson, J., Shenk, J., Curtis, J., Waste, C. J., Seawell, J., and Edmonds, J., concurred.