THE SAVINGS BANK OF BALTIMORE *vs.* ELLEN McCARTHY.

*Gifts—Savings Bank Deposits.*

A woman made deposits in a savings bank in the names of her nieces, then infants, subject to her order. She was told by the bank officers that in this way the money would continue to be subject to her control. She was not the guardian of the nieces, did not inform them of the deposits and retained in her possession the pass-books. *Held,* that no gift had been made of the money and that the depositor is entitled to draw out the same.

Appeal from a judgment of the Superior Court of Baltimore City (DENNIS, J.)

The cause was argued before McSHERRY, C. J., FOWLER, BRISCOE, PAGE, ROBERTS, PEARCE and SCHMUCKER, JJ.

*George R. Willis* (with whom was *Luther M. Reynolds* on the brief), for the appellant.

Under its charter and by-laws the appellant is permitted to receive money on deposit in the name of an infant and at the same time authorizes the person so depositing the money to reserve the right to withdraw it pending the minority of the infant and this authority extends and continues only during such time as the infant is subjected to the disabilities imposed upon him pending his arrival at lawful age.

If the charter and by-laws of the appellant had not contained the provision above set forth, money deposited in the name of an infant could not be subjected to the authority of the depositor to withdraw the same, and the sum so deposited would have to remain with the bank until such time when the disability of infancy would be wiped away upon his arrival at lawful age, or until withdrawn through the instrumentality of some Court of competent jurisdiction. It is respectfully contended by the appellant that the only distinction between the deposit of money with a bank author-

ized to receive it in the name of an infant and the deposit of money with the appellant in the name of an infant subject to the order of his guardian, parent or other person, is to subject the deposit pending the disability of infancy to the order of the guardian, parent or other person until such infant shall have arrived at lawful age, without the interposition of a Court of competent jurisdiction to authorize its withdrawal. That if a deposit with a bank in the name of an infant without any other conditions or restrictions be a valid gift, then the deposit of money with the appellant, in the name of an infant, subject to the order of the guardian, parent or other person, is no less a gift .by reason of the by-law providing a means for its withdrawal other than could be had except through the interposition of a Court of competent jurisdiction.

There was a delivery of the deposits to the appellant, and a trusteeship was thereupon created, whereby the appellant received the money for the infants and to their credit, but the trusteeship could exist no longer than such time when the infants should arrive at an age when they could, under the law, exercise their rights in regard to their property.

When the deposits were made in the names of the infants, all the conditions necessary for a perfected gift were met ; the money was delivered by the appellee to the bank as trustee of the infants by direction of the appellee, that it should be entered to their credit respectively, in accounts standing in their names. The words, which are supposed to explain and qualify these acts of the appellee, should be interpreted with reference to the language of the Act of Incorporation of the appellant and its by-laws. The deposits, when made by the appellee, were for the benefit . of her nieces. The delivery to the bank for the benefit of her nieces was a perfected gift in them, and the control by her retained, was such control as is contemplated under its by-laws by the act incorporating the appellant ; a control for the benefit of those for whose use or whose benefit the money was delivered ; such control as might be necessary for the protection of the interests of the donee, and of the

same nature as a guardian might exercise for the benefit of his ward, and NOT such control as would pertain to a continuing legal power and dominion over it, and which would leave the donor a *locus penitentiae.* *Gardner* vs. *Merritt,* 32 Md. 78.

*William J. O'Brien,* for the appellee.

FOWLER, J., delivered the opinion of the Court.

Ellen McCarthy from time to time deposited in the Savings Bank of Baltimore various sums of money. As evidence of these deposits the bank issued to her four deposit books. Only three of the accounts thus opened are here in controversy, namely, the accounts, which upon the books of the bank, and the books issued to the depositor, stand respectively in the names of her three minor nieces: Agnes, Anna, and Nellie McCarthy—each account subject to the order of the depositor, Ellen McCarthy. When she attempted to exercise her right to withdraw the money from the bank, the minors had, in the meantime, reached lawful age, and failing to appear to demand payment of the several sums deposited in their names, the bank refused to pay the money to the depositor.

This is an action of *assumpsit* on the common counts brought by Ellen McCarthy, the depositor, against the bank, to recover the amount of said deposits. The case was tried in the Superior Court of Baltimore City, before DENNIS, J., without a jury. After all the evidence was in, the defendant bank asked the Court to declare as matter of law that the plaintiff, having offered no evidence legally sufficient to entitle her to recover, the verdict must be for the defendant. But this prayer was rejected, and a verdict was found for the plaintiff for the amount of the balances shown by the deposit-books offered in evidence. In this posture of the case, it will be necessary to consider the evidence. Fortunately, it is brief. Only one witness, the plaintiff, was examined. The defendant offered its charter and by-laws. The three deposit or pass-books were also in evidence, each

containing a printed copy of the by-laws, allowing guardians for their wards, and parents for their children, to deposit money for the benefit of such wards or children respectively. The plaintiff testified that, at the time she made these deposits in the names of her nieces, she asked the teller of the bank if she could make the deposits in her own name and subject to her own order, and if she could draw the money out at any time, and he replied that it was subject to her order and control all the time. She was not the guardian of the minors. She always had the bank-books in her possession, and never told anybody about the deposits. Upon cross-examination, in reply to a question as to what was her object in making these deposits in the names of her nieces, she replied, " I put it there so I could draw it out at any time, if I thought they were worthy of it." Upon re-direct examination, she said that at the time when she first made the deposits she intended to retain control of the deposits at all times, and that she did not intend to give the money to her nieces.

The contention of the defendant is that the plaintiff stood *in loco parcntis* and that when she made the deposits in question in the names of her nieces, subject to her order, she must be held to have made them in pursuance of the by-law we have referred to. In support of this position the case of *Gardner* v. *Merritt*, 32 Md. 80, was relied on. In the course of the opinion in the case just mentioned it was said that the question was in that case, as it must be in all cases involving ownership of similar deposits, whether the act of making the deposit and the form of the entries, *under all the evidence in the case*, divested the depositor of title to the money deposited. The case of *Hughes* v. *Stubbs*, 1 Hare, 479, is cited in *Gardner* v. *Merritt*, as authority for the well-settled rule " that the Court determines *from the nature of the transaction* what the effect of it shall be in divesting the owner of the property to which it relates," and after stating that there was no evidence of any intent on the part of the depositor to do any future act touching the money, after

that of depositing it in the Savings Bank for and in the names of her grand-children, the conclusion is reached that the donor had perfected her gifts, and had no design to countermand them. But in the case before us there can, we think, be no controversy that the record contains not only legally sufficient evidence tending to prove, but clear proof, that the depositor never relinquished control over the deposits. When the deposits were made she asked the defendants' agent, the teller, if the money would be in her control *all the time*, and she was informed by him that it would. She also testified that she intended to retain control, and did not intend to give the money to her nieces. " To make a gift *inter vivos*, perfect and complete, there must be an actual transfer of all right and dominion over the thing given by the donor, and an acceptance by the donee or some competent person for him ; and it is essential to the validity of such gift that it should go into effect, that is, transfer the property, at once and completely." *Taylor* v. *Henry*, 48 Md. 557 ; *Gorman* v. *Gorman*, 87 Md. 348. We held in the case last cited that neither the form of the entry nor the possession of the bank-book, nor both together can, irrespective of all the other circumstances of the transaction, establish the ownership of the fund. These facts, or either of them, may be considered in connection with the other evidence. Here we have seen that the plaintiff never intended to relinquish dominion over the fund in controversy, but she also retained possession of the bank-books, and never told any one that she had made the deposits. Under these circumstances we cannot, as we said in *Gorman* v. *Gorman*, close our eyes to all the other evidence and give effect alone to the form in which the deposits were entered.

Finding no error in the action of the Court in rejecting the defendants' prayer, the judgment appealed from will be affirmed.

*Judgment affirmed.*