EDGAR V. AUSTIN, Administrator of Mary A. Austin, Deceased,

*vs.*

CENTRAL SAVINGS BANK OF BALTIMORE AND EDWIN D. LOANE, JR., Administrator.

*Bank depositors.   Trusts: creation of—.*

Where a depositor deposits funds to his account as "trustee," the proof that he really intended thereby to establish a trust must be clear and convincing, both as to the extent and the execution of the intent.                                    p. 144

The word "trustee" of itself is not sufficient to create a trust; if no intent appears, none will exist, regardless of the words used.                                                        p. 145

*Decided May 5th, 1915.*

Appeal from the Circuit Court of Baltimore City. (AMBLER, J.)

The facts are stated in the opinion of the Court.

The cause was argued before BOYD, C. J., BRISCOE, BURKE, THOMAS, PATTISON, URNER and STOCKBRIDGE, JJ.

*Eli Frank* and *German H. H. Emory* (with *C. John Beeuwkes* on the brief), for the appellant.

*Randolph Barton, Jr.,* (with whom was *Randolph Barton* on the brief), for the appellees.

BRISCOE, J., delivered the opiinion of the Court.

The controlling facts, on the record now before us, are practically undisputed. The propositions of law, are presented, by an interpleader proceeding, in the Circuit Court of Baltimore City, to determine the ownership of certain bank deposits made by one Edwin D. Loane, of Baltimore City, now deceased, and standing at the time of his death, in the name of "E. D. Loane, trustee."

The plaintiff, is a son of Edwin D. Loane and the administrator of his estate, and as such, contends that the bank deposits are the property of the deceased, and form a part of his estate.

The defendant Edgar V. Austin is the surviving husband and administrator of Mary A. Austin, his wife, a deceased daughter of Edwin D. Loane, and claims that the bank funds and deposits are impressed with "a trust" in favor of the children of the deceased, and that under the declaration of trust one-half of the trust money and funds now on deposit in the several banks, is payable to the son, Edwin D. Loane, Jr., and one-half to the defendant, as administrator of his wife, and the deceased daughter of the deceased depositor.

The defendants, the three Baltimore Savings Banks occupy the position of mere interpleaders, and disclaim any interest in the funds, except to be protected in its distribution.

The real contest, then, involved in the case, is between the plaintiff (the son) and the defendant Austin, the adminis-

trator of Mary A. Austin, a deceased daughter of Edwin D. Loane, deceased, and for the purposes of this appeal they will be hereafter designated as the plaintiff and defendant, in the case.

The Court below held, that no valid trust had been established as to the money and funds involved in the proceedings, and decreed first, that the moneys on deposit in the three Savings Banks of Baltimore, respectively, in the name of "E. D. Loane, trustee," or "Edwin D. Loane, trustee," were the sole and absolute property of Edwin D. Loane, deceased, and constituted a part of his estate.

Second—that the plaintiff was entitled to receive these funds, as his administrator and the banks were decreed to pay them over to him; and third, that the costs of the proceedings be paid by the plaintiff administrator, out of the funds decreed to be paid to him. From this decree the defendant has appealed.

As the question to be determined in cases like this, is one of fact, that is, whether there has been a valid declaration of trust or not, it becomes necessary for a proper understanding of the case, to set out somewhat at length, the several paper writings as well as the other material facts relied upon by the parties in support of their contentions, as to the execution of the alleged declaration of trust.

Mr. Loane died on the 3rd of September, 1913, in the seventy-eighth year of his age, and letters of administration were subsequently granted to the plaintiff, his only surviving descendant.

Mrs. Loane, his wife, had died on the 27th of December, 1909, and Mrs. Austin the only daughter, and wife of the defendant, died on the 21st of June, 1913, but leaving no children or descendants.

At the time of Mr. Loane's death he had on deposit to his order various sums of money, in the Savings Banks of Baltimore, standing in his name, as "E. D. Loane, trustee," as follows: In the Central Savings Bank of Baltimore, $12,-076.65; in the Provident Savings Bank of Baltimore, $10,-

124.21; in the Eutaw Savings Bank of Baltimore, $16,-842.77.

There was also on deposit, at the time of his death, the sum of seven hundred and thirty-two dollars and fifty-eight cents in the First National Bank of Baltimore, standing in the name of "E. D. Loane, agent," but as this amount appears to have been paid over by the bank to the plaintiff, the bill was dismissed as to this bank, one of the defendants in the case, on the 16th of June, 1914, and the account is not therefore involved in this controversy.

It appears that the three bank books containing the deposits were found locked in Mr. Loane's trunk, in a hotel at Love Point, Maryland, where he died, and had been in his possession to the time of his death.

The plaintiff and defendant, after his death, found in his locked book-case, at his home in Baltimore certain paper writings, in the handwriting of Mr. Loane. Plaintiff's Exhibit C, was in a sealed envelope and marked, "Private papers of E. D. Loane. To be opened by my son and daughter after my death or the survivor." It reads as follows:

"1-14-10. 'Private,' no one to see but my children. Do not have any squabble over the matter. Should it go into court all may be lost, as I long ago explained to my son. Be sure and adjust all among yourselves.

"You will find my order on the respective Banks for them to transfer on their Books all moneys in my name as trustee to our children, but this order should be presented before I am dead; if after my Death it should not be made known to the Banks that I am not alive, then the order will hold good.

E. D. Loane, Trustee.
E. D. Loane."

Plaintiff's Exhibit D, is as follows:

"1-14-10. My wife, now deceased, left me as Trustee for money she owned 'which I have placed in several Banks,' giving me the right to draw all the accru-

ing interest until my death to be used by me for my own purposes or support.

"Then at my death she wished the entire principal to be equally divided between our Daughter, Mrs. E. V. Austin, and our son, Mr. E. D. Loane, Jr.

E. D. Loane, Trustee.

"I recommend that my daughter create a trust with the Safe Deposit & Trust Co., South St., Balto.; for her part to have the right to draw and use for her support the interest only, but in case of actual necessity to be allowed to draw not more than $300 in addition to the principal per annum; and the right at her death to dispose of the balance as she chooses.  ·

E. D. Loane.

"I recommend that my son also create a trust with the Safe Deposit & Trust Co., same as above.

E. D. Loane.

"Balto., 11-8-11.

"Central Savings Bank of Balto., Md.

"Please transfer to my Daughter, Mrs. E. V. Austin, an amount be subject to her future orders, one-half of the principal and interest of all monies now credited on your Books in my name as trustee.

E. D. Loane, Trustee.

"Balto., 11-8-11.

"Central Savings Bank, Balto., Md.

"Please transfer to my son, E. D. Loane, Jr., an amount be subject to his future orders one-half of the principal and interest of all monies now credited on your Books in my name as trustee.

E. D. Loane, Trustee."

It also appears, that on August 26th, 1913, he gave a Mrs. Staley an order written by himself and reading as follows:

"Love Point, Md., 8-26-13.

"August 26th, 1913.  For value received after my

death pay to the order of Anne Parker Staley $5,000, payment to be made within sixty days, if possible, out of my estate.

(Signed)    E. D. Loane, Trustee."

The record shows that by an agreement of counsel, filed in the case, it is admitted, that the several banks at no time had any record or knowledge for whom "E. D. Loane, trustee," was in fact trustee, if trustee at all, and that neither of them was informed by him why the accounts were entered to his credit as trustee, nor were they given any information regarding the ownership, further, than is indicated that they stood in his name, as trustee.

The contention upon the part of the appellant, upon this state of proof, is, that the papers set out herein, as plaintiff's exhibits C and D, constitute a valid and binding declaration of trust as to the three savings bank deposits, standing in the name of "E. D. Loane, trustee," and that by the terms of the trust the principal should be equally divided between the two children of the deceased.

The law applicable to this class of case is well settled, and this Court has repeatedly held, that the proof to establish such a trust, must be clear and convincing both of the intent and the execution of that intent. *Gordon* v. *Small,* 53. Md. 550; *Taylor* v. *Henry,* 48 Md. 550; *Snader* v. *Slingluff,* 95 Md. 356; *Casualty Insurance Co.'s Case,* 82 Md. 560; *Coyne* v. *Supreme Conclave,* 106 Md. 57; *Ruhe* v. *Ruhe,* 113 Md. 600.

In the case before us, there is no reliable evidence that tends to establish a valid and binding trust or to bring it within the rules and principles of law applicable to like cases.

It is well settled that the mere use of the word "trustee" is not sufficient of itself to create a trust. If no intent to create a trust appears, none will be held to exist, regardless of the form of the words used.

In *Taylor* v. *Henry,* 48 Md. 550, it was held, that the mere form of the entry in the bank book was nothing more than a device or arrangement by the deceased to subserve a matter of convenience to himself.

In *Beaver* v. *Beaver,* 117 N. Y. 421, the Court said: "We cannot close our eyes to the well known practice of persons depositing in savings banks money to the credit of real or fictitious persons, with no intention of divesting themselves of ownership. It is attributable to various reasons; reasons connected with taxation, rules of the bank limiting the amount which any one individual may keep on deposit, the desire to obtain high rates of interest, where there is a discrimination based on the amount of deposits, and the desire on the part of many persons to veil or conceal from others knowledge of their pecuniary condition."

In the present case the record shows that it had been the custom of Mr. Loane for many years to adopt a designation such as trustee or agent, in making deposits with savings banks, and the fact that he followed this course, as to the money here involved, does not of itself create a binding trust, in favor of any one.

In *Seabrook* v. *Grimes,* 107 Md. 410, it is said: There can be no trust if there is no intention to create one, and therefore if upon all the circumstance of the given case, the Court is of opinion that the settlor did not mean to create a trust, the Court will not impute a trust where none in fact was contemplated. * * *

There is no clear or satisfactory proof in the record, to warrant us, under the decisions of this Court, to hold, that the deposits in this case, were valid trusts. On the contrary, as was said by JUDGE ALVEY, in *Taylor* v. *Henry,* 48 Md. 550, looking to all the circumstances surrounding the deceased and the particular transaction in question the presumption is strongly against any such intent on the part of the deceased. His declarations, conduct and dealing with the subject matter, all go irresistibly to show that he never

did and never intended to part with or surrender his absolute control and dominion over the fund during his life.

The record shows that on the 26th of August, 1913, he gave Mrs. Staley an order for $5,000, signed E. D. Loane, trustee, and directed that it should be paid after his death out of his estate, and there is no evidence to show that he possessed any other property, but these bank deposits, from which the order could be paid.

Mr. Robinson, Vice-President of the Eutaw Savings Bank, testified, that the deceased visited his bank, with Mrs. Staley, on the 3rd of August, 1913, and expressed his intention of withdrawing $5,000 from the account standing in the name of Loane, trustee, and transferring it, in the joint names of himself and Mrs. Staley, but the transfer as requested was not made, because he did not have the bank book with him.

The proof also shows that Mrs. Loane had no means of her own, left no estate and the deposits were the savings of the deceased, during his lifetime, derived from his business. The use therefore, of the expression, in Exhibit D, "my wife, now deceased, left me trustee of money which she owned," must be regarded as a mere device to conceal the real facts, and to conceal the real ownership of the fund.

Without stopping to review in detail the whole testimony as presented by the record, we hold, that the evidence fails to show an intention on the part of the deceased to create a valid and enforceable trust, and for the reasons stated the decree of the Court below will be affirmed.

> *Decree affirmed, the costs in this Court to be paid by the appellant; the costs in the Court below to be paid by the administrator out of the funds.*