## RUTH POMERANTZ *v.* HARRY POMERANTZ

### [No. 9, April Term, 1941.]

*Decided April 30th, 1941.*

The cause was argued before BOND, C. J., SLOAN, JOHNSON, DELAPLAINE, COLLINS, and FORSYTHE, JJ.

*Isaac Lobe Straus,* with whom was *Isidor Roman* on the brief, for the appellant.

*Abram C. Joseph,* with whom was *Daniel C. Joseph* on the brief, for the appellee.

438

COLLINS, J., delivered the opinion of the Court.

Harry Pomerantz on July 31st, 1931, opened a savings account in the Savings Bank of Baltimore with a deposit of $850 in the name, "Ruth Pomerantz—Minor, Subject to the order of Harry Pomerantz," and deposited after that date at various times additional amounts in this account, during which period he retained the savings deposit book. Ruth Pomerantz, the appellant is his daughter and in 1931 was twelve years of age. On the 24th day of February, 1940, the daughter became twenty-one years of age and on that date the father withdrew the balance of the account then in the amount of $2085.80 and redeposited this amount in the same bank in a new account: "Harry Pomerantz, in trust for self and Ruth Pomerantz, joint owners, subject to the order of Harry Pomerantz only, balance at the death of either to belong to the survivor." Three or four weeks after her twenty-first birthday, Ruth Pomerantz went to the bank with her attorney to withdraw this sum of money and was advised that it had been placed in a new account and that she could not withdraw it. Subsequently she filed a bill in equity against her father asking the court among other things to decree the deposit on July 31st, 1931, to be an absolute and irrevocable gift to the complainant; that the withdrawal on February 24th, 1940, and the deposit to the new and separate account be adjudged and decreed illegal, null, and void; that the complainant be adjudged the sole and absolute owner of the money on deposit on February 24th, 1940; that the defendant be required to account to the complainant for the full amount of this deposit and be enjoined from disposing of said deposit. After taking testimony in open court, the chancellor by decree dismissed the bill of complaint and the appeal is taken from that decree.

The appellee, Harry Pomerantz, testified that he never carried life insurance and in 1926 or 1927 he started depositing money in various banks and concentrated it in 1931 in the Savings Bank of Baltimore in an account in the name "Ruth Pomerantz—Minor, Subject to the

order of Harry Pomerantz." He stated that he told his daughter when she was little that he had some money put away for himself in case of emergency, that if she wanted an education of some kind or if she gets to be of age and wants to get married for dowry of some kind it would help, but he never said anything about gifts or anything like that. The daughter, Ruth, testified that she heard her father say that when she reached the age of twenty-one years, the money would be hers. The mother, Lena Pomerantz, testified that the appellee told her that when Ruth became twenty-one years of age she would be able to draw the money out herself. It also appears from the testimony that the appellee and his wife, Lena, had been separated and that she had instituted a suit against her husband for alimony and support of the two children; that a decree was passed on February 27th, 1940, requiring Harry Pomerantz to pay his wife money for the support of herself and of her minor son. The daughter, Ruth, having arrived at the age of twenty-one on February 24th, 1940, no provision was made for her support. Ruth testified for her mother in that case. It is admitted that none of his money was deposited by Ruth or earned by her. It is not disputed that the appellee always retained possession of the bank pass book.

The question for our decision is, whether the deposit in the name "Ruth Pomerantz—Minor, Subject to the order of Harry Pomerantz," was a perfected and completed gift. There is no contention by the appellant that a trust was thereby created. The appellant relies mainly on the case of *Gardner v. Merritt,* 32 Md. 78, but without repeating the facts of that case, we see very little similarity to the instant case on the facts. It has been decided frequently by this court that to make a gift *inter vivos* perfect and complete there must be an actual transfer of all right and dominion over it by the donor and acceptance by the donee, or by some competent person for him, and that the transfer of the gift should go into effect at once and completely. If the transfer is to be at a future time, it is

only a promise without consideration and cannot be enforced either at law or in equity. The law will not recognize a gift where there is reserved to the donor, either expressly or as a result of circumstances, a power of revocation or dominion over the subject of the gift. There can be no *locus poenitentiae,* and there is a *locus poenitentiae* when the supposed donor may at any moment undo what he has done. The donor must have done everything which it was possible for him to do to complete and perfect the gift. *Murray v. Cannon,* 41 Md. 466; *Taylor v. Henry,* 48 Md. 550; *Gorman v. Gorman,* 87 Md. 338, 39 A. 1038; *Savings Bank v. McCarthy,* 89 Md. 194, 198, 42 A. 929; *Whalen v. Milholland,* 89 Md. 199, at page 201, 43 A. 45; *Brewer v. Bowersox,* 92 Md. 567, 570, 48 A. 1060; *Brooks v. Mitchell,* 163 Md. 1, 11, 161 A. 261; *Pope v. Safe Deposit & Trust Co.,* 163 Md. 239, at page 249, 161 A. 404. The evidence of every element necessary should be clear and convincing. *Schenker v. Moodhe,* 175 Md. 193, at page 197, 200 A. 727. The delivery must be actual or constructive, in either case it must divest the donor completely of any dominion or control over it and transfer such dominion. *Brooks v. Mitchell, supra;* 5 *Michie on Banks and Banking,* sec. 86. Particularly is delivery of the pass book necessary when the deposit is made in a savings bank by the rules of which the book must be produced at the bank before the deposit can be withdrawn. *Whalen v. Milholland, supra.*. The fact that the by-laws of the bank provided "Guardians may deposit for the benefit of their wards and parents for their children, and if desired at the same time of the deposit they may make the same subject to the control of said guardian or parent or other person as they may designate," is not authority to uphold a gift where other evidence is to the contrary.

Applying the above principles of law, so frequently stated by this court, to the facts of the intant case, there is not proof of intent on the part of the appellee to perfect and complete the gift or of the actual completion of the gift. The appellant's own testimony that the gift

was to be hers when she was twenty-one years of age is not evidence of a perfected gift at the time the deposits were made. The fact that the father undid what he had previously done is direct evidence of *locus poenitentiae*. The appellee had not done everything necessary to perfect and complete the gift at the time of appellant's majority when appellant claims it became her absolute property. The decree must be affirmed.

*Decree affirmed, with costs.*