EWELL, Executor *v.* PAYNE

[No. 64, October Term, 1951.]

74

*Decided January 10, 1952.*

The cause was argued before MARBURY, C. J., and DELAPLAINE, COLLINS, HENDERSON and MARKELL, JJ.

*William H. Price,* with whom were *Staton, Whaley & Price* and *Franklin Upshur* on the brief, for appellant.

Submitted on brief by *John L. Sanford, Jr.* and *Godfrey Child,* for appellee.

HENDERSON, J., delivered the opinion of the Court.

The executor of William J. Payne, who died December 27, 1949, holding three confessed judgment notes payable on demand executed in 1947 by the decedent's son, Leslie J. Payne, entered judgment thereon in the principal sum of $4,800, plus a collection fee of $480, on February 21, 1950. On motion, the judgment was opened but the lien retained. The defendant filed general issue pleas and pleas of payment and set off. There were various replications and rejoinders. The case was tried before the court and a jury which failed to agree. Upon retrial the jury rendered a verdict of $2,197.10 and judgment was entered for that amount from which the plaintiff appeals. The defendant entered a cross-appeal but later dismissed it.

One of the defendant's contentions at the trial was that the decedent in his lifetime gave him the farm, known as the "Bonneville Farm", on which the defendant has resided since 1941. There was no testimony as to the terms of that occupancy. One witness testified, over objection, that the decedent told him he had given the farm to Leslie because "he owed him some difference when they broke up steam-milling". Title, however, remained in the decedent and by his will, executed in 1948, he devised it to Leslie. The devise was confirmed by a codicil executed on February 12, 1949, subject to a charge of $5,000 to pay debts of the estate. On motion, the trial court struck out all testimony "which attempts to show a gift of the Bonneville Farm to Mr. Leslie J. Payne from his father, or to show that he in any way was the owner of that farm."

The trial court left to the jury the question whether they should allow the collection charge and interest on

the notes from the date of the demand for payment. Since the appellant did not object to the charge or file any motion for directed verdict, we must accept the jury's finding on those points. From the principal amount of the notes, $4,800, which the jury allowed, they deducted a credit of $188.50 for soil sold from the farm after the decedent's death. This item is not in dispute. The disputed credits are: (1) for a tract of land sold by the decedent from the farm in 1949 to William W. Gibbons for $1,275; (2) for timber sold by the decedent from the farm in 1949 to Clarence D. Fleming for $1,000; and (3) for a rebuilt Ford motor supplied to the decedent by Leslie J. Payne in 1949, valued at $139.40. Testimony was admitted over objection that the decedent told Marion W. Landing and Brinkman L. Payne that he was going to credit the amounts received from the sales of the tract of land and timber on the notes of Leslie J. Payne. He did not do so, and the mere statement of what he intended to do would seem to fall short of a promise. *Pomerantz v. Pomerantz,* 179 Md. 436, 439, 19 A. 2d 713. If the statements could be construed as promises, it seems clear that they lacked consideration and were therefore unenforceable. Cf. *Pomerantz v. Pomerantz, supra,* and *Broaddus v. First National Bank,* 161 Md. 116, 155 A. 309. The only suggestion of a legal consideration was in the testimony that the decedent had given the farm to Leslie, or considered him to be the owner, which the court struck out. We think the court erred in refusing to strike the testimony as to the decedent's intention to credit on the notes the amounts received from the sales of the land and timber.

The claim of a credit for $139.40 stands on a somewhat different footing. It was shown by the testimony of Bernard Taylor, a garageman, that Taylor installed in the decedent's automobile a rebuilt motor supplied from the shop of Leslie J. Payne. A promise to pay for an article delivered and accepted is not without consideration. Even in the absence of an express promise recovery may be had under the common counts. *Precision Development Company v. Bearing Company,* 183 Md.

399, 405, 37 A. 2d 905. In his brief the appellant contends that the court erred in permitting the appellee to testify, over objection, that the value of the motor was $139.40 and that he had never been paid by anyone for it, in view of the evidence act, Code, Article 35, section 3. However, at the argument counsel for the appellant stated in open court that he would not press his claim on that item, and we express no opinion on these points.

Leslie J. Payne testified, over objection, that he did not owe his father's estate the amount claimed on the notes. In *Bright v. Kelley,* 168 Md. 107, 112, 176 A. 874, it was held reversible error to permit a defendant to testify, over objection, that his intestate did not owe the money claimed. We think the court erred in its ruling in the instant case, but the error was cured by the verdict, since the jury found that the appellee did owe the face amount of the notes, subject, however, to the credits allowed.

Having found error in the court's rulings as to the credits allowed in connection with the sales from the farm, the question arises as to what disposition should be made of the case. In the absence of a motion for directed verdict or judgment N. O. V., Rule 8(c), III, Trials, of the Rules of Practice and Procedure, would seem to be inapplicable. However, section 25, Article 5 of the Code authorizes us, in lieu of a new trial, to direct final judgment as to the remaining portion of a judgment, where "a reversible error affects a severable item or part only of the matters in controversy". Cf. *Roberts and Co. v. Robinson,* 141 Md. 37, 55, 118 A. 198, and *Middendorf, Williams & Co. v. Milburn Co.,* 137 Md. 583, 600, 113 A. 348. In the instant case it seems clear that no admissible evidence could be produced to establish these credits, so that a new trial could not affect the result. Under the circumstances, we shall direct the entry of judgment for the face of the notes, $4,800, less the credits of $188.50 and $139.40, or a net amount of $4,472.10.

*Judgment reversed and entered for the sum of $4,472.10, with costs.*