NICHOLAS, GUARDIAN, Etc. *v.* OWRUTSKY et al.,
EXECRS., Etc., et al.

[No. 4, September Term, 1962.]

*Decided November 15, 1962.*

*Motion for rehearing filed November 23, 1962, denied December 14, 1962, and opinion modified.*

The cause was argued before BRUNE, C. J., and HENDER-SON, HAMMOND, PRESCOTT, HORNEY, MARBURY and SYBERT, JJ.

*Dallas F. Nicholas,* with whom were *Nicholas & Gosnell* on the brief, for appellant.

*Charles Yumkas,* with whom was *Jacob Blum* on the brief, for appellees.

BRUNE, C. J., delivered the opinion of the Court.

This is another case in the long line of cases in this court in which the question is the ownership of a savings account involving more than one name. Here the controversy is between the Executors of the estate of the creator of the account and the Guardian of the minor therein named. The form of the account, as shown by the pass book, is as follows:

> "This certifies that Linda A. Boone, Minor subject to the order of Clara C. Lewis, Aunt, holds a Savings Account representing share interests in the Calvert Building and Loan Association, subject to the Charter, By-Laws, Rules and Regulations of said Association."

The Circuit Court for Baltimore City held that the Executors were entitled to the fund and entered a decree accordingly, from which the Guardian appeals.

The case was heard on a written stipulation of facts and one additional fact orally stipulated. Such facts were in brief these: that the account was opened and continued in the form stated; that it was opened with a deposit of $2,000 made by Clara C. Lewis, grandaunt of the minor, Linda A. Boone, then about four years old, on November 24, 1954; that further deposits, all made by Clara C. Lewis were as follows: December 20, 1954—$1,000.00; June 16, 1955—$1,200.00; August 5,

1955—$500.00; June 10, 1957—$400.00; January 17, 1958—$1,000.00; December 10, 1958—$100.00; that there was only one withdrawal, which was in the amount of $1,000.00 and was made by Clara C. Lewis on June 30, 1961; that Clara C. Lewis died on October 19, 1961; that the appellees are her Executors; that the balance in the account, including interest, as of July 31, 1961, was $6,832.19; that the pass book relating to this account was in the sole and exclusive possession of Clara C. Lewis from the time the account was opened until the time of her death, was found among her effects by her Executors, and since then has been in their possession; that the rules of the Association in which the fund was deposited required that the pass book be presented for any transaction involving a deposit or withdrawal; and that the respective parties, the Guardian of the minor grandniece and the Executors of the deceased grandaunt asserted competing claims to the fund. The Association, we add, filed an answer in which it expressed its willingness to pay the fund to whichever of the parties might be found to be entitled thereto, and it has taken no part in this appeal.

In a brief letter-opinion the Chancellor, after stating that the account was not a trust account, held that there had not been a completed gift *inter vivos*. He stated in his letter that he would pass an order awarding the deposit to the Executors and allowing court costs out of the fund.

One point which the appellant has urged strongly on this appeal is that no copy of the proposed order was furnished to him or his counsel before it was presented to and signed by the court. We think that it should have been so furnished, but in view of the clear directions in the court's letter-opinion as to the terms which the order was to embody, and in view of the fact that the order as submitted and signed was fully in accordance with the court's determination made after hearing the case, we cannot find that the appellant suffered any prejudice from this omission, or that it was an abuse of the court's discretion to refuse to strike out the order because of the lack of prior service of a copy thereof. Cases such as *Rethorst v. Rethorst,* 214 Md. 1, 15-17, 133 A. 2d 101, and *Martin G. Imbach, Inc. v. Deegan,* 208 Md. 115, 120-21, 117 A. 2d 864,

where the court took action without a prior hearing with regard thereto and without notice to the party to be affected thereby present quite a different situation.

We think that the Chancellor's decision based upon the stipulated facts on which the case was submitted to him for determination was correct.

The control which Clara C. Lewis retained over the fund by the form in which the account was established and maintained was too great for the deposits to constitute gifts *inter vivos.* The language of the account here is almost the same as that of the original account in *Pomerantz v. Pomerantz,* 179 Md. 436, 19 A. 2d 713. Here as there (179 Md. at 440), "[t]he law will not recognize a gift where there is reserved to the donor, either expressly or as a result of circumstances, a power of revocation or dominion over the subject of the gift. There can be no *locus poenitentiae* * * *. The donor must have done everything which it was possible for him to do to complete and perfect the gift." That case is controlling on this point.[1] See also *Whalen v. Milholland,* 89 Md. 199, 43 A. 45; *Savings Bank v. McCarthy,* 89 Md. 194, 42 A. 929. The appellant relies heavily upon the earlier case of *Gardner v. Merritt,* 32 Md. 78, but here we find no evidence at all comparable to that in *Gardner* to show an actual intent to make a gift to the minor. See the comments in *Savings Bank v. McCarthy, supra,* 89 Md. at 197-98, distinguishing the *Gardner* case. Here it is difficult to reconcile the appellant's claim of a completed gift with the fact that the alleged donor actually made a withdrawal from the account, and there is nothing to suggest that it was not for her own purposes.

The appellant's contention that, even if there was no completed gift *inter vivos,* a trust was created, is, we think also not sustainable. The key question here is whether the depositor intended to create a trust. *Bierau v. Bohemian Building, Loan & Savings Association,* 205 Md. 456, 109 A. 2d 120; *Whittington v. Whittington,* 205 Md. 1, 106 A. 2d 72; *Brad-*

---

1. The Uniform Gifts to Minors Act is not applicable here. Even if it were, the form of account used would not meet its requirements, which are quite similar to the last sentence quoted from the *Pomerantz* case. See Code (1957), Art. 16, § 214 (a) (3).

*ford v. Eutaw Savings Bank,* 186 Md. 127, 46 A. 2d 284. Ever since *Milholland v. Whalen,* 89 Md. 212, 43 A. 43, the validity of savings account trusts has been recognized, and the appellant is correct in his contention that the existence of a power of revocation over such a trust is not fatal to its establishment. *Bierau v. Bohemian, etc., supra.*

The appellant's difficulty on this phase of the case is the absence of any clear and convincing evidence of an intention to establish a trust. The most usual badge of such an intention, the use of the words "in trust", is lacking from the account here, and we find nothing to indicate or to raise a presumption that a trust was intended. In the absence of such evidence this claim must fail. *Ragan v. Kelly,* 180 Md. 324, 24 A. 2d 289; *Austin v. Central Savings Bank,* 126 Md. 139, 94 A. 520, and cases therein cited.

The appellant's final claim is, in brief, that the Chancellor erred in refusing to reopen the case after his order had been entered and to admit the will of the decedent, Clara C. Lewis, into evidence and to reverse the conclusion which he had previously reached. The reopening of the case was a matter within the Chancellor's discretion during the thirty-day period following the entry of the order (Maryland Rule 625), and the application was made in due time. We cannot, however, say that his refusal to reopen the case was an abuse of discretion. The case had been submitted on stipulated facts, and we are informed by the appellant's brief that reference was made to the will during the argument of the case in the Circuit Court. There surely could have been no element of surprise or of newly discovered evidence about it. Why it was not offered originally we do not know.

A further, and perhaps more important reason why we think the Chancellor did not abuse his discretion in refusing to reopen the case and to admit the will is that the will itself throws little light on the testatrix-depositor's intention with regard to the deposit here at issue. It makes no reference to that deposit or to any savings deposits in other institutions. (The appellant's brief informs us that there were others, but we find nothing about them either in the will which has been incorporated in the Appendix or elsewhere in the Appendix.)

Evidence not offered or referred to in a proffer (and we treat the will here as having been proffered in support of the appellant's objection to the trial court's refusal to reopen the case) is not properly before us. The will shows a bequest for the benefit of Linda A. Boone, the appellant's ward. There is nothing to show whether this was intended to be in addition to the deposit here in question or in lieu of it. We do not think that it overcomes the infirmities of the alleged gift which we have pointed out above or that it supplies any clear support for the appellant's claim that a trust was created.

> *Order affirmed, the costs of this appeal*
> *to be paid out of the fund in contro-*
> *versy.*