PARRY *v.* PARRY ET AL.

[No. 322, September Term, 1962.]

*Decided June 10, 1963.*

*Motion for rehearing filed June 6, 1963, denied June 7, 1963.*

The cause was argued before BRUNE, C. J., and HENDER-
SON, PRESCOTT, MARBURY and SYBERT, JJ.

*Thomas L. Hennessey* for appellant.

*M. Richard Moss* for appellee.

PRESCOTT, J., delivered the opinion of the Court.

The chancellor decreed that 221 shares of preferred stock of the William Schluderberg-T. J. Kurdle Company (Company) were the property of the estate of Reginald B. Parry, deceased, and Reginald's brother, Kenneth, who maintains that he is the real owner of said stock, has appealed.

The main question to be determined is whether there was a valid gift *inter vivos* of the stock in remainder from Reginald to Kenneth. A subsidiary one is whether such transfer of the stock to Kenneth was a fraudulent contrivance to deny Reginald's wife her widow's rights.

Kenneth has been employed by the Company for over thirty years. Between July 1, 1947, and January 11, 1951 (both dates inclusive), Reginald purchased nine stock certificates, whereby he obtained an aggregate of 221 shares of the preferred stock of the Company. Each certificate bore this language: "This is to certify that Reginald B. Parry, Owner, upon whose death to belong to Kenneth Parry is the owner of * * * fully paid and non-assessable shares of the Preferred 5% Capital Stock * * *." In June of 1952, Reginald married his present widow. Shortly after the receipt of the stock certificates by Reginald from time to time, they were given by Reginald to Kenneth. Upon delivery of the first certificate Reginald stated, "This is an investment. All I am interested

in is the dividends." Kenneth placed the certificates in a safe deposit box, which, up until shortly after Reginald's marriage was held in both of their names. Reginald never visited the box. The certificates remained in the same safe deposit box, which was held in the names of Kenneth and his wife from sometime in 1952 until Reginald's death around the beginning of 1961. Reginald had the dividend checks, which were paid semiannually, mailed to him at Kenneth's address although he, Reginald, did not reside there. In accordance with his understanding with his brother, Kenneth delivered these checks to Reginald, who spent them as he saw fit. After Reginald's death, Kenneth presented the certificates to the Company for transfer upon its corporate books, but the Company deferred action pending the outcome of this suit.

The appellee does not dispute the fact that it is possible to create a life estate in choses in action with remainder over, but contends the transfer of the stock was intended to be in the nature of a testamentary disposition and the language used on the certificates and quoted above is so phrased that "the appellant will gain or acquire the stock * * * at a future date," hence the attempted transfer cannot operate as a gift *inter vivos*. We disagree.

The terms selected by Reginald in designating the ownership of the stock manifest, we think, a clear and unmistakable intention on his part to make a gift of the remainder therein to Kenneth, subject to his, Reginald's, life estate. The language employed is not couched in strict and exact legal terminology, spelling out explicitly a life estate in Reginald with remainder to Kenneth, but, as indicated above, it is sufficient to show an intention to pass the right or beneficial interest in the stock (in remainder) to Kenneth. And the mere fact that Reginald retained a life interest therein did not prevent the immediate vesting of the title to the remainder in Kenneth. It seems clear that any transfer of the remainder upon the corporate books without Kenneth's consent would have been at the Company's risk. In *Allender v. Allender,* 199 Md. 541, 87 A. 2d 608, this Court held a gift of corporate stock complete where the owner surrendered his old stock certificates and

had new ones issued in the names of the donor and donee, that it was immaterial that the donee had not been informed concerning the transfer, and the facts that the donor drew dividends and voted the stock until his death did not render the gift incomplete. Also compare *Curley v. Wolf*, 173 Md. 393, 196 A. 285. We, therefore, hold that Kenneth is the present owner of the stock involved.

The short answer to the contention that the transfer was in fraud of the widow's rights is that the last certificate was purchased about a year and one-half before Reginald's marriage to the present Mrs. Parry (and insofar as the record discloses before he had any intention of marrying), and the retention by Reginald of no more control over the stock than a life estate would not render the transaction so colorable or illusory as to justify the setting aside of the transfers under the doctrine of fraud on marital rights. Cf. *Allender v. Allender, supra.*

> *Decree reversed and case remanded for entry of a decree in accordance with this opinion. Appellees to pay the costs.*