## REGISTER OF WILLS FOR SOMERSET COUNTY
### *v.* STERLING ET AL.

[No. 246, September Term, 1971.]

*Decided March 7, 1972.*

The cause was argued before HAMMOND, C. J., and BARNES, MCWILLIAMS, FINAN, SINGLEY, SMITH and DIGGES, JJ.

*Fred Oken, Assistant Attorney General,* with whom was *Francis B. Burch, Attorney General,* on the brief, for appellant.

*Alexander G. Jones,* with whom was *Henry P. Walters* on the brief, for appellees.

DIGGES, J., delivered the opinion of the Court.

Joseph Coulbourne Sterling, appellee, initiated this declaratory judgment action in the Circuit Court for Somerset County against the personal representative of his deceased uncle's estate. He asked that the court declare his receipt of various shares of stock in well known corporations, a present from the decedent during the donor's lifetime, to be a valid *inter vivos* gift. This claim is not disputed either by the personal representative or the beneficiaries of the estate. The appellant, the Register of Wills for Somerset County, was granted leave to intervene by the trial court (Maryland Rule 208) on the allegation that: "The State of Maryland has a substantial interest in the subject matter of the suit by virtue of certain death taxes to which the State may be entitled out of the shares of corporate stock described in the Bill of Complaint." Chief Judge Duer ruled that the donee had complete title to the stock free and clear of other claims, including the obligation to pay death taxes. This appeal ensues.

The facts of this controversy are neither complicated nor contested. Joseph Carter Sterling, the decedent, gave his nephew 1453 shares of blue chip stock having substantial value. There was one gift in December 1967 and another in the spring of 1970.[1] The certificates for all

---

1. The following is the list of the stock involved in the 1967 gift:

| No. | Shares |
|---|---|
| 20 | Ford Motor Company |
| 30 | Lukens Steel |
| 10 | Standard Oil of New Jersey |
| 36 | Old Republic Life Insurance Co. |
| 12 | Standard Oil of California |
| 1 | South Jersey Gas |
| 14 | General Motors |
| 700 | American Telephone and Telegraph |
| 145 | Massachusetts Inv. Trust |

In the spring of 1970 appellee was the recipient of these additional securities:

| No. | Shares |
|---|---|
| 6 | Old Republic Life Ins. Co. |
| 117 | United Security Holding Co. |
| 343 | U.S. Fidelity & Guaranty Co. |

Prior to 1967 Joseph Coulbourne Sterling had been given an ad-

of the shares were delivered to the nephew at the time of each gift and he in turn used them as collateral in order to obtain loans to pay for a house he intended to build. The only vestige of interest the donor retained in the securities was the right to receive the dividends for the rest of his life. The uncle died on October 4, 1970 and subsequently the nephew brought this suit to establish his ownership of the stock and apparently to avoid the consequence of paying death taxes. However, both he and the appellant have mistakenly based their arguments on the assumption that a declaration establishing the nephew's title is also determinative of whether an inheritance tax is due. Such is not the case.

The appellant maintains it was error for the trial court to conclude that upon delivery of the stock title had passed to the appellee. He argues that the uncle did not make a completed gift to his nephew but rather demonstrated only an intention to part with the securities. Appellant says that the retention of dividends by the donor represented a dominion and control over the property which was inconsistent and incompatible with the transfer of absolute ownership. He next reasons that if a donor "demonstrates an intention to make a future gift or a conditional gift in remainder, there can be no presently perfected gift." We agree with the logic of this statement but find it inappropriate. We are not faced in this case with the unfulfilled desire to make a future gift; instead it is undisputed that actual physical delivery of the certificates was made by the uncle to the appellee. All that is involved here is whether the decedent's retention of the dividends for his life invalidated the gift. Clearly it did not.

If there is proper delivery, the donor of a gift can relinquish title to a vested remainder and at the same

---

ditional 19 shares of A. T. & T. which were found in his uncle's safe deposit box at the time of his death. These shares were apparently transferred on the corporation's books but not in fact delivered to the donee. However, it is not contended by either party that these shares should be treated differently than the others.

time retain a present interest in the property. In *Parry v. Parry*, 231 Md. 584, 191 A. 2d 439 (1963), we were faced with the almost identical factual situation as the one now before us involving a donor who gave away various securities but continued to receive the dividends. There Judge Prescott, speaking for the Court, said: "And the mere fact that [the donor] retained a life interest therein did not prevent the immediate vesting of the title to the remainder in [the donee]." *Id.* at 586. For a similar ruling see *Allender v. Allender*, 199 Md. 541, 87 A. 2d 608 (1952). In the present case Joseph Carter Sterling reserved a life interest in the securities he gave his nephew, but this dominion over the property did not invalidate the gift nor preclude title to the remainder from passing to Joseph Coulbourne Sterling.

However, this result in no way affects the imposition of the inheritance tax. It is really inconsequential to appellant who owns the remainder interest in this stock—for if it be the uncle or his nephew—the real issue is whether the donor had any control over the securities at the time of his death. If he did, then the provisions of Art. 81, § 151 of the Maryland Code (1957, 1969 Repl. Vol.) apply. According to that law, if the decedent "retained *any dominion* during his lifetime" over the property, an inheritance tax is due (emphasis added). Section 151 goes on to state that: "The reservation of a beneficial interest in favor of the decedent or of a power of revocation, absolute or conditional or of a power of appointment by will or otherwise, in or over any property passing subject to the tax imposed by this subtitle, shall be deemed to constitute dominion within the meaning of this section." This Court has not had the opportunity to fully refine the meaning of "dominion" under the statute, but it has been the subject of some discussion. In *Register of Wills v. Blackway*, 217 Md. 1, 8, 141 A. 2d 713 (1958), Chief Judge Brune for the Court said: "The retention of a beneficial interest, such as a life estate, is now a sufficient basis for the imposition of the tax [under the statute]." In *Safe Dep. & Tr. Co. v. Bouse,*

181 Md. 351, 29 A. 2d 906 (1943) the Court, in discussing § 111 of Art. 81 of the Code (1939), the predecessor of § 151, stated at page 360:[2]

> "In 1936 the Maryland Legislature broadened the law of this State by declaring that the inheritance taxes shall apply to all property passing by will or under the intestate laws, or by deed, gift, grant, bargain or sale made in contemplation of death, or intended 'to take effect in possession at or after the death of a decedent.' The Act is applicable to all property over which the decedent 'retained any dominion during his lifetime,' and the Act expressly states that the reservation of any beneficial interest in favor of the decedent shall be deemed to constitute 'dominion' within the meaning of the Act. This Court holds that a deed of trust by which a person conveys property in trust to pay to himself the income for life, and upon his death to pay the *corpus* to designated beneficiaries passes a beneficial interest subject to the Maryland Inheritance Tax Act as a transfer intended 'to take effect in possession at or after the death of a decedent.' We can make no distinction in the application of the Inheritance Tax Act between a testamentary transfer and a transfer *inter vivos* intended to take effect at death."

Likewise, we think that the rationale of this statement from *Bouse* controls the case now before us. See also 25 *Ops. Att'y Gen.* 675, which discusses this issue and comes to a similar conclusion.

There is a sparsity of cases in Maryland which deal with the precise question here, apparently because the statute is quite clear and unambiguous. When § 151 uses

---

2. Sec. 111 of Art. 81 has been amended and is currently § 151 of Art. 81 of the Code (1957, 1969 Repl. Vol.). However, the language we have focused upon is identical in both the old and new versions.

the term "dominion" it is unequivocally stating that if a donor retains any control over the property until his death, then an inheritance tax is due and payable. This conclusion is consistent with rulings by federal courts which have construed similar provisions of the federal estate tax law. See 26 U.S.C.A. (I.R.C. 1954) §§ 2035-38, particularly § 2036. Just a few of the many applicable cases are: *United States v. O'Malley,* 383 U. S. 627, 16 L.Ed.2d 145, 86 S. Ct. 1123 (1966) ; *Commissioner of Int. Rev. v. Church,* 335 U. S. 632, 93 L. Ed. 288, 69 S. Ct. 322 (1949) ; *Guynn v. United States,* 437 F. 2d 1148 (4th Cir. 1971) ; *Skinner's Estate v. United States,* 316 F. 2d 517 (3d Cir. 1963) ; *Hornor's Estate v. C.I.R.,* 305 F. 2d 769 (3d Cir. 1962) ; *McNichol's Estate v. C.I.R.,* 265 F. 2d 667 (3d Cir. 1959) ; *Greene v. United States,* 237 F. 2d 848 (7th Cir. 1956) ; *Atkinson v. United States,* 231 F. Supp. 933 (E.D. S.C. 1964). See also Soled, *Estate Tax Consequences of Inter Vivos Transfers of Stock in a Closley-Held Corporation,* 31 Md. L. Rev. 191 (1971).

We therefore affirm the trial court's decision but determine its order should be amended to include an additional declaration stating that the appellee owes the appropriate inheritance tax on all stock involved in this litigation.

> *Order of the trial court dated July 9, 1971 amended to include the additional declaration that the appropriate inheritance tax is owed by Joseph Coulbourne Sterling on the aforementioned securities.*
>
> *As amended the order of court is affirmed.*
>
> *Costs to be paid by Joseph Coulbourne Sterling.*