487 A.2d 1181

**David DORSEY**

v.

**Eleanor Jo DORSEY.**

**No. 120, Sept. Term, 1983.**

Court of Appeals of Maryland.

Feb. 20, 1985.

Margaret Mann Drachsler, Washington, D.C. (Mahoney & Zentz, Washington, D.C., on brief), for appellant.

Dorothy R. Fait, Rockville, for appellee.

Argued before MURPHY, C.J., and SMITH, ELDRIDGE, COLE, RODOWSKY and COUCH, JJ.

MURPHY, Chief Judge.

This case involves the presumption of gift doctrine as it relates to a marital property determination and a claimed right to a monetary award under Maryland Code (1984), §§ 8–201(e) and 8–205(a) of the Family Law Article.[1]

Section 8–201(e) provides:

"(e) *Marital property.*—(1) 'Marital property' means the property, however titled, acquired by 1 or both parties during the marriage.

(2) 'Marital property' does not include property:

---

1. These sections formerly appeared as Maryland Code (1984 Repl. Vol.) §§ 3–6A–01(e) and 3–6A–05(a) of the Courts and Judicial Proceedings Article.

(i) acquired before the marriage;

(ii) acquired by inheritance or gift from a third party;

(iii) excluded by valid agreement; or

(iv) directly traceable to any of these sources."

Section 8–205(a) provides, in pertinent part:

"(a) *Grant of award.*—After the court determines which property is marital property, and the value of the marital property, the court may grant a monetary award as an adjustment of the equities and rights of the parties concerning marital property, whether or not alimony is awarded."

This section also requires that the court determine the amount and method of payment of a monetary award after considering each of ten enumerated factors.

## I

Eleanor Jo Dorsey and David Dorsey were married on July 22, 1978. Shortly after their marriage, the couple, and Eleanor's child from a prior marriage, moved to David's home in Washington, D.C. In November, 1978, the couple purchased a home in Chevy Chase, Maryland. They resided there until they separated in June, 1981. Eleanor and her son remained in the Chevy Chase home.

The assets in controversy are the Chevy Chase home and an investment account with Thomson McKinnon Securities, Inc. (the McKinnon account). At the time of their marriage, David owned stock in a consulting firm, several parcels of real estate and bank accounts; Eleanor owned a home in Westminster, Maryland, and with her mother, owned a cottage and an interest in a mortgage.

When the parties decided to purchase the Chevy Chase home, there were insufficient marital funds to finance the acquisition. Eleanor wanted to keep the Westminster property to finance her son's college education and her other assets were jointly owned. Consequently, only David's assets were available for the purchase. Accordingly, David sold some of his premarital assets and deposited the pro-

ceeds in a joint bank account. Approximately $26,000 of the proceeds was applied to the purchase of the Chevy Chase home. Eleanor contributed about $1,500 of her funds. The home was titled in the parties' names as tenants by the entirety.

The McKinnon account was purchased by David with $12,000 from the sale of Treasury bills which he had acquired with excess proceeds realized from the sale of his premarital assets. Therefore, David's contribution to the McKinnon account was traceable to his premarital assets. Eleanor contributed about $2,000 to the account. The account was held in David and Eleanor's joint names.

The couple separated in June 1981; they were divorced in the District of Columbia in June, 1982. Thereafter, on June 16, 1983, in the Circuit Court for Montgomery County, Eleanor sought a determination of the parties' ownership interests in the realty and personalty acquired during the marriage. David answered and joined in that request.

At trial, David pursued two theories. First, he urged the court to find that the property at issue was acquired with his premarital assets and was not therefore marital property. Second, he contended that if the property was found to be marital property, he should receive a monetary award under § 8–205(a). Eleanor argued that the parties had equal interests in the property. Moreover, she opposed a monetary award on the basis that David did not affirmatively plead it.

David testified at trial that he did not intend to make a gift of the Chevy Chase home or the McKinnon account to Eleanor. He said that the two assets were titled jointly so that he and Eleanor would have access to them in case of the absence or death of the other. There was also testimony indicating that the properties were jointly titled because David expected the marriage to be permanent.

The trial court (McAuliffe, J.) found that the Chevy Chase home and the McKinnon account were marital property, that each party had a 50% interest in such property, and

that a monetary award to David was inappropriate. In so concluding, the court reasoned:

> "The defendant [David] asks us to trace back beyond the change in title that was made here, beyond the creation of title say in the real estate and in the personal fee. In order to do that, he would have to overcome the presumption of a gift and the testimony simply has not done that. Indeed the testimony in many respects seems to reinforce the concept that he knowingly—in both of them knowingly had these properties put in one case tenants by the entirety and another case joint tenants. He did at that time make a gift of an undivided one half to the extent that he put money into it.
>
> "... I feel that [David's] testimony was quite candid that he intended this to be and hoped it would be a long term forever marriage and he was willing therefore to set it up this way. But this is in the eyes of the law a gift and simply because it didn't turn out that way, we don't upset the gift."

Upon entry of the court's decree, David appealed to the Court of Special Appeals. Prior to resolution of the appeal by that court, we granted certiorari to consider the issues raised in the case.

## II

David contends that the trial judge improperly considered the presumption of gift doctrine when it characterized the marital residence and the McKinnon account as marital property. He maintains that the definition of marital property—all property acquired during marriage, however titled, not including property acquired with premarital assets—is inconsistent with the presumption of gift doctrine which is predicated on the titling of the property in joint names. David contends that he is entitled to a monetary award in any event.

Eleanor agrees that the presumption of gift doctrine is inapplicable in the determination of marital property. She contends, however, that David's testimony shows that he

had the requisite donative intent to make a valid gift to her without regard to any gift presumption. She maintains that David made a gift to her of one-half the real and personal property and that it was, therefore, marital property owned in equal shares. She concludes, therefore, that a monetary award is inappropriate.[2]

In *Grant v. Zich*, 300 Md. 256, 270, 477 A.2d 1163 (1984), decided after the trial court's decision in this case, we observed that under the common law of Maryland, when a spouse titles property as tenants by the entirety, a presumption of gift to the other spouse arises and, upon dissolution of the marriage, one-half of the property constitutes the donee spouse's separate property. That rule, we there said, has no application when characterizing property as nonmarital or marital under § 8–201(e) for the purpose of granting a monetary award under § 8–205(a). Reiterating our earlier holding in *Harper v. Harper*, 294 Md. 54, 448 A.2d 916 (1982), we said in *Grant* that under the statutory provisions

> "a determination of what constitutes marital property for the purpose of granting a monetary award is not dependent upon the legalistic concept of title. The characterization of property as nonmarital or marital depends upon the source of the contributions as payments are made, rather than the time at which legal or equitable title to or possession of the property is obtained." 300 Md. at 269–70, 477 A.2d 1163.

We concluded that to employ a presumption of gift based upon the titling of property as tenants by the entirety,

---

**2.** Eleanor also argues that the trial court lacked jurisdiction over the monetary award issue due to David's failure to raise it in the pleadings prior to trial. Although the trial court ultimately determined that a monetary award was not warranted, it ruled that David could amend his pleading to include a prayer for a monetary award. Maryland Rule 2–341, as well as its predecessor rule, permits such amendments in a nonjury trial at any time before a final judgment or decree is entered. The decision to grant or deny such an amendment is committed to the sound discretion of the trial court and we see no abuse of that discretion in the circumstances of this case.

rather than make a determination as to the source of funds used by the spouses to acquire the property, was not consonant with the legislative policies embodied in the statute. *Id.* at 270–71, 477 A.2d 1163. Accordingly, we held that "when characterizing property as marital or nonmarital ... for the purpose of granting a monetary award ..., a presumption of gift does not arise from the titling of property as tenants by the entirety." *Id.* at 271, 477 A.2d 1163.

In the present case, the trial court erroneously held that a presumption existed from David's titling of the realty and personalty that he intended to make a gift of the property to Eleanor. In view of *Grant*, we must remand the matter to permit the trial judge to reconsider the evidence, and determine without implicating any gift presumption, whether Eleanor proved that a gift was in fact made to her of the property. In this regard, we have frequently recited the requirements for a valid inter vivos gift. Foremost, the donor must intend to transfer the property. In order to prove donative intent, it must be shown from the evidence that the donor clearly and unmistakably intended to permanently relinquish all interest in, and control over the gift. *Schilling v. Waller*, 243 Md. 271, 276–77, 220 A.2d 580 (1966). In addition, there must be a delivery transferring the donor's dominion over the property without power of revocation or retention of dominion over the subject of the gift. *Rogers v. Rogers*, 271 Md. 603, 607, 319 A.2d 119 (1974). Acceptance by the donee is the final requirement of a valid gift and it is presumed, barring evidence to the contrary. *Allender v. Allender*, 199 Md. 541, 547, 87 A.2d 608 (1952). The burden is on the donee to establish every element of a gift. *Grant v. Zich, supra,* 300 Md. at 275, 477 A.2d 1163. Furthermore, proof must be by clear and convincing evidence. *Pomerantz v. Pomerantz*, 179 Md. 436, 440, 19 A.2d 713 (1941).

DECREE VACATED EXCEPT AS TO THAT PART THEREOF RESTORING THE USE OF THE APPELLEE'S MAIDEN NAME; CASE REMANDED TO THE CIRCUIT

COURT FOR MONTGOMERY COUNTY FOR FURTHER PROCEEDINGS NOT INCONSISTENT WITH THIS OPINION; COSTS TO BE PAID BY APPELLEE.