539 A.2d 258

**Gould B. MacINTIRE**

v.

**Joyce L. McKAY.**

**No. 971, Sept. Term, 1987.**

Court of Special Appeals of Maryland.

April 6, 1988.

---

1. Word to the wise.

578

Susanne K. Henley (Legum & Henley, P.A., on the brief), Annapolis, for appellant.

Irvin J. Brodsky, Towson, for appellee.

Argued before MOYLAN, ALPERT and ROBERT M. BELL, JJ.

MOYLAN, Judge.

The appellant, Gould B. MacIntire (Husband), and the appellee, Joyce L. McKay (Wife), were married in Decem-

ber, 1976. Two years later, in December, 1978, the parties separated after the Husband discovered his Wife was having an adulterous affair. On July 15, 1985, an absolute divorce was granted to the Husband on the ground of the Wife's adultery. As part of that judgment of divorce, the court granted a monetary award to the Husband in the amount of $9,500. An appeal was filed by the Wife and a cross-appeal was filed by the Husband. In a per curiam opinion, we affirmed the judgment in part but vacated it in part, including the monetary award. *McKay v. MacIntire*, No. 1558, September Term, 1985, filed August 18, 1986.

On remand, in addition to making certain adjustments which are not in dispute on this appeal, the circuit court again granted the Husband a monetary award in the amount of $9,500. The circuit court arrived at the monetary award figure by placing a value on the marital property of $41,231 and then ruling that each of the parties was entitled to one-half of that figure. Of the total, $30,105 was in possession of the Wife and $11,126 was in possession of the Husband. To effect a fifty-fifty split, it would have been necessary for the court to order an award from the Wife in favor of the Husband of $9,490. The actual award was rounded off in the amount of $9,500.

The Husband has filed this appeal contesting the amount of the award as inadequate. The Husband contends that the trial judge abused his discretion in refusing to make an adjustment in the monetary award so as to reflect the Husband's far greater equitable interest in the marital home, which the parties owned as tenants by the entireties. He argues that this failure to use the monetary award to accomplish an equitable adjustment ignores "the broad remedial purpose of the Act 'to adjust the property interests of spouses fairly and equitably ... and to give careful consideration to both monetary and nonmonetary contributions by the spouses.'" *Harper v. Harper*, 294 Md. 54, 81, 448 A.2d 916 (1982).

By way of further developing that argument, the Husband argues that the court was clearly erroneous in treat-

ing his interest in the marital home (based on his contributions) as non-marital property, which is not available for equitable distribution through a monetary award under Md.Fam.Law Code Ann. § 8–205 (1984 & Supp.1987). Ordinarily, a determination that a significant interest in the marital home was the non-marital property of the husband would appear to be a determination in the husband's favor. In the unusual posture of this case, it worked a directly contrary result. Although the marital home which is the nub of this dispute is now titled to Husband and Wife equally as tenants in common, the Husband had made an overwhelmingly disproportionate equitable contribution to that property. Any determination, therefore, that operated to diminish the size of the marital property "pool" rendered it inadequate as a source from which a monetary award could accomplish the equitable adjustment contemplated by the Maryland law. In our earlier per curiam opinion in this case, we recognized that danger:

"While a monetary award 'is intended to compensate a spouse who either holds no title or holds title to less than an equitable portion of that property' (citations omitted) *Nisos v. Nisos*, 60 Md.App. 368, 386, 483 A.2d 97 (1984), we recognize that it does not allow a truly equitable distribution in cases such as the one *sub judice*, where both spouses hold title to property that is overwhelmingly the non-marital property of one of the spouses, because the award is limited to the amount of the marital property."

The Husband argues, alternatively, that if his interest in the marital home is not marital property and not subject to equitable distribution in a monetary award, the court should have determined that he is entitled to an equitable distribution of the proceeds from a sale of the property in the pending action for sale in lieu of partition.

The marital home which is the subject of the dispute as to the marital award was purchased by the Husband from his father in 1976, some six months prior to the parties' marriage. The home, known as 2 Luna Lane, in Severna Park,

had a fair market value at that time of $65,000. The Husband purchased the property from his father for $50,-000. He gave his father a $43,000 first mortgage. In addition, he put a $6,000 downpayment on the home, obtained from the proceeds of a $12,000 second mortgage in favor of the Annapolis Bank and Trust Company. He also paid his father another $1,000.

Less than a year after the parties were married, as the Husband prepared to undergo surgery and treatment for Hodgkin's Disease, he signed a deed which titled the Luna Lane property in himself and his Wife as tenants by the entireties. The parties separated a year later. In the summer of 1981, the Husband's father released the mortgage he held on the Luna Lane property. The value of the mortgage at that time was $36,802.

Since only marital property is subject to equitable distribution through a monetary award, it is necessary that a court distinguish between marital and non-marital property. It is settled, however, that a single piece of property may be partly marital and partly non-marital. The source of the funds and not the way property is titled determines how the property is characterized. Thus, where a spouse contributes non-marital funds and the marital unit contributes marital funds to the purchase of property, a proportionate share of the property will be classified as marital and a proportionate share will be classified as non-marital, depending on each respective contribution. *Harper v. Harper, supra.*

In the first appeal of this case, we held that the circuit court erred when it determined the Husband's non-marital interest in the Luna Lane property. Including the value of the mortgage when released, which the circuit court found was a gift to the Husband from his father, we calculated the Husband's non-marital interest in the Luna Lane property as follows:

$15,000.00 – gift from father by reduction of sale price
  1,000.00 – paid prior to settlement as part of downpayment
   607.63 – interest acquired by making payments on first mortgage prior to marriage
   217.18 – interest acquired by making payments on second mortgage prior to marriage
 36,802.00 – gift from father by release of mortgage
$53,626.91

We determined that the Wife's non-marital interest in the property is $4,958, representing non-marital funds contributed to improve the property. We concluded, therefore, that the Husband's non-marital interest represented 82.5% of the total value of the property, that the Wife's non-marital interest represented 7.62% of the total value, and that the remainder represented the marital property interest. Accepting the circuit court's finding that the fair market value of the property on the date of divorce was $159,500, we determined that the marital interest was $15,758.20 minus the $7,200 balance which remained on the second mortgage on the date of divorce. We held that the resulting $8,558.20 is the value of the marital interest available for equitable distribution.

Upon remand, in determining the value of the marital property, the circuit court included $8,558.20 as the amount of the parties marital interest in the Luna Lane property subject to equitable distribution. The court thereafter gave the Husband a marital award of $9,500.

Both parties requested that the court give an indication of how the proceeds of sale would be divided in the pending action for sale in lieu of partition. The Husband requested the court to adjust the proceeds to reflect his 82.5% non-marital interest in the marital home. The Wife conceded that the Husband is entitled to a credit of $36,802 (representing the gift from the Husband's father by the release of the mortgage), and any contributions not yet credited, but that the remaining proceeds should be divided equally. The court agreed with the Wife and indicated that the remaining proceeds would be divided equally. The court said, "What the husband seeks to do here is to allow him to escape the

consequences of his deeding the family home to he and his wife as tenants by the entireties."

In *Grant v. Zich*, 300 Md. 256, 477 A.2d 1163 (1984), the Court of Appeals recognized that under Maryland's common law, when a spouse titles property as tenants by the entireties, a presumption of gift to the other spouse arises. The Court held, however, that such a presumption, when characterizing property as marital or non-marital, is not consonant with the legislative policies embodied in our Marital Property Act:

> "To characterize property as marital, based upon a presumption of gift arising from the titling of property as tenants by the entirety, makes the characterization of property as marital dependent, not only upon the legalistic concept of title, but also upon the time at which title is obtained, rather than the time at which payments are made. To employ a presumption of gift based upon the titling of property as tenants by the entirety, rather than making a determination as to the source of funds used by the spouses to acquire the property, is to create a preference for the classification of property as marital and, therefore, subject to equitable distribution. For these reasons, a presumption of gift based upon the titling of property as tenants by the entirety when characterizing property as marital or nonmarital ... is not consonant with the legislative policies embodied in the Act. Accordingly, we now hold that when characterizing property as marital or nonmarital ... for the purpose of granting a monetary award ..., a presumption of gift does not arise from the titling of property as tenants by the entirety. Rather, in characterizing property as marital or non-marital ..., the appropriate analysis to be applied is the source of funds theory enunciated in *Harper*." 300 Md. at 270–272, 477 A.2d 1163.

Although a presumption of gift based upon the titling of property as tenants by the entireties is not permitted when characterizing property as marital or non-marital for purposes of granting a marital award, a valid gift may

nevertheless be established. *Dorsey v. Dorsey*, 302 Md. 312, 487 A.2d 1181 (1985); *Harman v. Harman*, 61 Md. App. 554, 487 A.2d 689 (1985); *Nisos v. Nisos*, 60 Md.App. 368, 483 A.2d 97 (1984). If a valid gift is established, the value of the interest which a spouse deeds to the other should be considered part of the marital property. In making an equitable distribution of the value of the marital property, the non-marital contributions of a spouse to the marital property are then to be considered. *Harper v. Harper, supra.*

█ In this case, the trial judge did not treat the interest which the Husband deeded to his Wife as a gift for purposes of determining the value of marital property, but then indicated that he would divide the proceeds of the sale of the property (minus the amount of the mortgage which was released by the Husband's father) equally between the parties because he would not permit the husband "to escape the consequences of his deeding the family home to he and his wife as tenants by the entireties." Ostensibly, the court treated the interest which was conveyed to the Wife as non-marital property for purposes of a monetary award but then indicated he would treat it as a gift for purposes of the pending sale in lieu of partition proceeding. The Husband has thus been placed in the predicament of not having his full investment in the marital home considered—either in terms of his contribution to the marital property or in terms of receiving a proportionate and fair return on a non-marital investment.

Md.Fam.Law Code Ann. § 8–202(b)(2) (1984) provides that the court may order a partition or a sale instead of partition and a division of the proceeds as to any property owned by both of the parties. In *Grant v. Zich*, 53 Md.App. 610, 617, 456 A.2d 75 (1983), we said that in making a determination "as to the disposition of the proceeds of the marital home ..., the chancellor should apply the 'source of funds' theory, explained in *Harper v. Harper....*" In *Wilen v. Wilen*, 61 Md.App. 337, 486 A.2d 775 (1985), the husband had argued that because the marital home was purchased in

part with funds he received from the sale of his premarital home, the entire equity in the marital home should not be considered as marital property. He asserted further that he should have been given a credit for that portion of the net equity which was attributable to his investment of non-marital funds. We agreed with that argument, based upon the following language in *Harper v. Harper, supra,* at 294 Md. 80, 448 A.2d 916:

"[A] spouse contributing nonmarital property is entitled to an interest in the property in the ratio of the nonmarital investment to the total nonmarital and marital investment in the property.... Thus, the spouse who contributed nonmarital funds, and the marital unit that contributed marital funds each receive a proportionate and fair return on their investment."

We remanded the case for "further fact-finding ... to determine what portion of the proceeds from the sale of the property would be marital property and what portion would be non-marital property under the formula set forth in *Harper*." 61 Md.App. at 350–351, 486 A.2d 775.

Although the action for sale in lieu of partition has not proceeded to final judgment and is not properly before us, what the trial judge indicated he would do in that proceeding makes it unclear whether he found that the Husband made a gift of a one-half interest in the marital home to the Wife. If this was a gift, then it follows that it is marital property and should be factored into the valuation of marital property.

Accordingly, we remand this case for further fact finding so that the trial judge may determine whether or not there was a valid gift to the Wife of the interest which was deeded to her. In so doing, the court should consider the factors for a valid *inter vivos* gift set out in *Dorsey v. Dorsey, supra.* If the Wife establishes that there was a valid gift and that she is entitled to half of the net proceeds upon sale, the interest which the Husband conveyed to his Wife is marital property and the Husband's contributions to that interest may be considered in the monetary award. If

the Court finds that there was no valid *inter vivos* gift, the Husband would be entitled to a proportionate and fair return on his non-marital investment from the proceeds of the sale of the property in lieu of partition.

JUDGMENT REVERSED; CASE REMANDED FOR FURTHER PROCEEDINGS; COSTS TO BE PAID BY APPELLEE.