549 A.2d 13

**S. Charles ZANDFORD**

v.

**Deborah Zandford WIENS.**

**No. 133, Sept. Term, 1987.**

Court of Appeals of Maryland.

Oct. 31, 1988.

John L. Seibel (John L. Seibel & Associates, on brief), Bethesda, for appellant.

Robert N. Levin (Susan Biro, on brief), Washington, D.C., for appellee.

Argued before ELDRIDGE, COLE, RODOWSKY, McAULIFFE, ADKINS and BLACKWELL, JJ., and CHARLES E. ORTH, Jr., Associate Judge of the Court of Appeals of Maryland (retired), Specially Assigned.

ADKINS, Judge.

We shall here hold that when a court is required to determine the value of marital property, it must consider as marital debt an outstanding loan traceable to the acquisition of the property, even though the loan is not a lien on the property. We shall further hold that the funds now held by the trial court and that represent the marital debt must be paid over to the marital debtor.

This case is before us on an agreed statement of facts. It reveals that petitioner, S. Charles Zandford, previously known as Shadad or Shahdad Zandfard (Husband), and respondent, Deborah Lucille Wiens (Wife), were married on 6 March 1976. During the marriage the parties purchased a condominium at 5200 Pooks Hill Road in Bethesda, Montgomery County. It was their marital abode. It was titled in their names as tenants by the entireties. Husband's father loaned him $53,000, and $41,000 of this amount was used as a down payment on the condominium.[1] The loan was made to Husband individually; Wife did not agree to be

---

[1] In the trial court the parties stipulated to the facts about the loan. So far as the record shows, the loan remains outstanding. *See* n. 6, *infra.*

responsible for its repayment, nor was the loan or any portion of it a lien on the property.

Husband and Wife separated in 1981 and were granted an absolute divorce in 1984. The divorce decree reserved for later disposition disputes relating to sale of the marital home, and Wife's request for a monetary award, alimony, and counsel fees. The Circuit Court for Montgomery County addressed those problems in March 1985, following a hearing. It determined that the only marital property owned by either party was the condominium, then owned by the divorced parties as tenants in common. The circuit court further determined that the only issue as to the home was whether the $41,000 should be deducted from the proceeds of sale and paid to satisfy the loan before the net proceeds were divided. The court rejected that approach because it found that the loan was not a lien upon the property; instead, the "use of the loan as a down payment was a gift from [Husband] to [Wife]...." The court proceeded to allow each party certain credits for expenses paid or rental income received on the property, concluded that "a monetary award is not appropriate," denied the Wife alimony, and left each party to pay his or her own counsel fees.

Later, the circuit court appointed a trustee to sell the condominium. The sale produced $76,740, net of recorded encumbrances. By agreement of the parties, Husband was paid $17,590, Wife $17,150, and $42,000 was retained.[2] The court ordered this amount to be divided equally between the parties. Husband appealed. The Court of Special Appeals affirmed. *Zandford v. Wiens,* No. 317, Sept. Term 1987 (filed 1 July 1987) (unreported). We granted Husband's petition for a writ of certiorari, 311 Md. 193, 533 A.2d 670 (1987), to decide this dispute over the nature and disposition, as marital or nonmarital property, of the $41,000 loan to

---

2. The amount of the loan at issue is $41,000. The amount presently in dispute is $40,000 rather than the $42,000 originally retained by the trustee. Apparently the difference was consumed in trustee's commissions.

Husband from his father that was used as a down payment for the acquisition of the marital abode.

## I. Marital Debt

 Under the Property Disposition in Divorce and Annulment Act, now codified as Md.Code (1984 Repl.Vol., 1988 Cum.Supp.), §§ 8–201 through 8–213 of the Family Law Article (the Act),[3]

> title alone is not the determining factor in disposing of marital assets. Although the statute does not authorize the court to transfer title, nor require that all property be evenly divided, it does allow the trial judge to make a monetary adjustment to more fairly and equitably allocate the various property interests between the divorcing spouses.

*Niroo v. Niroo,* 313 Md. 226, 230–231, 545 A.2d 35, 37 (1988). Thus, when a monetary award is at issue, the court is permitted to effectuate a realignment of assets via a three-step process. In the first step, the court determines what property is marital property; § 8–203(a).[4] In the second step, the court values it; § 8–204. In the third step, the court may make a monetary award to whichever spouse otherwise would receive less than an equitable share of marital assets; § 8–205(a). In determining the amount and method of payment of the award or, indeed, if there is to be any award, the court weighs a number of statutory factors.[5] *Niroo,* 313 Md. at 231–232, 545 A.2d at 37–38.

---

**3.** All statutory references are to the Family Law Article unless otherwise noted.

**4.** Section 8–201(e) defines "marital property":

(e) *Marital property.*—(1) "Marital property" means the property, however titled, acquired by 1 or both parties during the marriage.
(2) "Marital property" does not include property:
(i) acquired before the marriage;
(ii) acquired by inheritance or gift from a third party;
(iii) excluded by valid agreement; or
(iv) directly traceable to any of these sources.

**5.** These factors are thus listed in § 8–205(b):

Before us Husband argues that "money representing unsecured marital debt should be distributed to the party incurring that debt prior ... to ... consideration of a marital award." Husband's Brief at 10. His notion is that once a court identifies marital property, an established marital debt should be distributed to the debtor, even if no monetary award is made. *See Schweizer v. Schweizer*, 301 Md. 626, 636, 484 A.2d 267, 272 (1984), quoting *Schweizer v. Schweizer*, 55 Md.App. 373, 378, 462 A.2d 562, 565 (1983) (" 'the thrust behind the three step statutory scheme is to ignore titles and limit any monetary award to the equity the parties have built up in marital property after *paying off* any debts taken on to acquire the marital property' " [emphasis supplied] ); *and see MacIntire v. McKay*, 74 Md. App. 577, 582, 539 A.2d 258, 260 (1988) (the husband was entitled to a credit in the amount of the mortgage released by the husband's father as a gift).

 Of course, when the court values marital property, it deducts from the gross value any marital debt. Only the net value of marital property is, in fact, available for

---

(1) the contributions, monetary and nonmonetary, of each party to the well-being of the family;

(2) the value of all property interests of each party;

(3) the economic circumstances of each party at the time the award is to be made;

(4) the circumstances that contributed to the estrangement of the parties;

(5) the duration of the marriage;

(6) the age of each party;

(7) the physical and mental condition of each party;

(8) how and when specific marital property or interest in the pension, retirement, profit sharing, or deferred compensation plan, was acquired, including the effort expended by each party in accumulating the marital property or the interest in the pension, retirement, profit sharing, or deferred compensation plan, or both;

(9) any award of alimony and any award or other provision that the court has made with respect to family use personal property or the family home; and

(10) any other factor that the court considers necessary or appropriate to consider in order to arrive at a fair and equitable monetary award or transfer of an interest in the pension, retirement, profit sharing, or deferred compensation plan, or both.

equitable distribution via a monetary award. Husband argues here that an unsecured personal loan, the proceeds of which were in part put toward the purchase of marital property, is marital debt, to be deducted from the gross value of marital property in step two of the process. He asserts that such a loan should not be relegated to consideration only during step three. We answered this contention in *Niroo*, agreeing with Husband and reaching the same result the Court of Special Appeals reached here, as to this issue.

In *Niroo* we quoted *Schweizer v. Schweizer*, 301 Md. at 636–637, 484 A.2d at 272, to this effect:

> *Harper [v. Harper*, 294 Md. 54, 448 A.2d 916 (1982) ] teaches that a 'marital debt' is a debt which is directly traceable to the acquisition of marital property. Conversely, a 'nonmarital debt' is a debt which is not traceable to the acquisition of marital property. That part of marital property which is represented by an outstanding marital debt has not been 'acquired' for the purpose of an equitable distribution by way of a monetary award. Therefore, the value of the marital property is adjusted downward by the amount of the marital debt.

*Niroo*, 313 Md. at 239, 545 A.2d at 41.

As *Niroo* makes plain, the critical question is not whether marital property is encumbered by a secured debt; it is whether the debt is traceable to the acquisition of marital property, or whether (put otherwise) the debt's "economic effect" is to reduce the present value of the marital property. *Id.* at 240–241, 545 A.2d at 42–43. The $41,000 loan amount is completely traceable to the acquisition of what is concededly marital property—the marital abode. Thus, this amount should be deducted from the value of the marital property at the second stage of the monetary award process. Husband is correct in so arguing; the Court of Special Appeals was correct in so holding.

### II. Disposition of the $40,000

Having reached this point, the Court of Special Appeals applied the common law presumption that "when a spouse

titles property as tenants by the entirety," there is a gift to the other spouse. *Grant v. Zich*, 300 Md. 256, 270, 477 A.2d 1163, 1170 (1984). In *Grant* we did not abolish that common law presumption. We noted, however, that "[u]nder the Act, a determination of what constitutes marital property for the purpose of granting a monetary award is not dependent upon the legalistic concept of title." 300 Md. at 269–270, 477 A.2d at 1170. And we held that "when characterizing property as marital or nonmarital under [§ 8–203(a) ] for the purpose of granting a monetary award under [§ 8–205(a) ], a presumption of gift does not arise from the titling of property as tenants by the entirety." *Id.* at 271, 477 A.2d at 1171 [footnote omitted]. *See also Dorsey v. Dorsey*, 302 Md. 312, 487 A.2d 1181 (1985).

Seemingly, the intermediate appellate court concluded that, since the trial court had refused to grant a monetary award to Wife, §§ 8–203 through 8–205 were no longer implicated; the questions of marital property and its value were no longer in the case because the question of marital award was no longer in it. On that analysis, the $41,000 was divided equally between Husband and Wife because the common law presumption of gift from the former to the latter applied and was unrebutted. We believe, however, that a different analysis must be applied, and it does not involve presumptions or nonpresumptions of gift.

Had the trial judge recognized the existence of the marital debt, he would have deducted its amount in reaching the net value of the marital property. That would have left a certain amount available for distribution by way of a monetary award. As we have seen, Wife's request for an award was denied; Husband never requested one. But what the parties did after the trial court's decision was to agree, in effect, to treat the condominium (and its ultimate proceeds) as marital property.

In an agreement dated 4 November 1986, after the condominium had been sold, they, in effect, made their own monetary award, by dividing equally (subject to minor adjustments) $34,740 of the $76,740 proceeds of sale, net of

encumbrances. They paid into court the remaining $42,000 (now reduced to $40,000) attributable to the loan. *See* n. 2, *supra,* and accompanying text. In other words, they undertook to treat the $76,740 fund as marital property. Because they could not agree that the loan was a marital debt, they did not, at that point, charge its amount against the proceeds. Instead, they divided the balance, leaving for subsequent determination the status of the loan.

█ We have now held that the loan is marital debt. Because it represents marital debt, and the marital debt is payable by Husband, the $40,000 remaining in court is payable to him, for the purpose of discharging that debt. *Schweizer,* 301 Md. at 636, 484 A.2d at 272. This is the treatment that it would have received had the court made the monetary award the parties themselves accomplished. The result should not be different simply because the parties, and not the court, worked out their own monetary award.[6] Since the fund now in the registry of the Circuit Court for Montgomery County must be paid to Husband, we must reverse the judgment of the Court of Special Appeals.

JUDGMENT OF THE COURT OF SPECIAL APPEALS REVERSED. CASE REMANDED TO THAT COURT WITH DIRECTION TO REVERSE THE JUDGMENT OF THE CIRCUIT COURT FOR MONTGOMERY COUNTY AND TO REMAND THE CASE TO THE CIRCUIT COURT FOR FURTHER PROCEEDINGS CONSISTENT WITH

---

6. Wife, in her brief in this Court, questions the status and, indeed, the continued existence of the loan to Husband from his father. Specifically, she doubts the loan's bona fides, and she suggests the debt is uncollectible because of the statute of limitations. In view of the stipulation below (n. 1, *supra* ) and of the agreed statement of facts filed in the Court of Special Appeals, Wife cannot attack the bona fides of the loan. She has admitted that the loan was made. Nothing in the record suggests that it has been repaid in whole or in part. Nothing in the record demonstrates that it *must* be barred by limitations or that Husband could successfully raise that defense, if he were sued on the loan. Nothing in the record shows that Husband is not obligated to repay the loan.

THIS OPINION. COSTS TO BE DIVIDED EQUALLY BETWEEN THE PARTIES.

McAULIFFE, J., concurs in the result only.